IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

KIMBERLY WYNN HOLLEMON,
    Plaintiff

v.                                            CIVIL ACTION NO. _____

WILLIAMSBURG-JAMES CITY COUNTY
SCHOOL BOARD,
                                              Jury Trial Demanded

DR. OLWEN HERRON,
SUPERINTENDENT
(in her official capacity), and

JON ANDRE,
DIRECTOR OF HR OPERATIONS AND
COMPLIANCE
(in his official capacity)

    Defendants.

## COMPLAINT and JURY TRIAL DEMAND

This is an action brought by KIMBERLY WYNN HOLLEMON, the Plaintiff, through counsel, to correct the unlawful employment practice of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a. This action seeks to provide relief to Kimberly Wynn Hollemon, who was adversely affected by such practice. Plaintiff contends that the Defendant, WILLIAMSBURG-JAMES CITY COUNTY PUBLIC SCHOOLS, has discriminated against Kimberly Wynn Hollemon by suspending and subsequently requiring her to terminate her employment because as a result of racial discrimination suffered during her employment for the Defendants, and subsequent retaliation.

Page 1 of 12

# INTRODUCTION

1. Plaintiff is a Black educator who began her career in public education in 1992 as an English teacher in Norfolk Public Schools. Plaintiff has had a successful career in public education since 1992. She has served as assistant principal in Chesterfield County Public Schools and Virginia Beach City Public Schools. She has previously served as Principal in Cumberland County. Prior to acting as interim principal at Lafayette High School, she was employed by Board as a coordinator for English/Reading Language Arts 9-12 and as a summer school program. From the inception of her career, she has been an exceptional employee.

2. Plaintiff, previously employed by Williamsburg-James City Public Schools, brings this action to hold Defendants accountable for the racial discrimination and retaliation it engaged in in the course of her employment and discharge from her duties as a principal at Lafayette High School in 2019.

3. Plaintiff acted in her capacity of interim principal to Lafayette High School between 2017-2018, and as a result of her outstanding performance, Plaintiff was requested to accept a permanent position as the principal for the Lafayette High School from 2018-2019.

4. In 2018, Plaintiff began being the subject of discrimination that began as subtle comments and over time escalated to more aggressive acts. Time after time, Plaintiff reported the conduct to Defendants with no actionable steps taken to remedy the conduct against Plaintiff.

5. Plaintiff reported disparaging and racially charged comments made by then Assistant Superintendent, Jeffrey Carol, against the school while she was acting as

interim principal soon to be permanent principal of Lafayette High School. No action was taken against the Assistant Superintendent. After this initial issue, Plaintiff was continuously subject to a different standard than her White counterparts, which she later discovered and realized was racial discrimination.

6. In 2019, Plaintiff submitted a request to attend a professional conference hosted by a Black professional sorority which Plaintiff belonged to, Alpha Kappa Alpha, a professional organization geared towards the professional development of each of its members. Plaintiff's request was approved by her immediate supervisor, Catherine Worley, presently Assistant Superintendent for School Leadership. At the time, Plaintiff provided all accurate information needed prior to her receiving approval to attend the professional conference.

7. Upon her return from the conference, and after initiating an investigation against an educator who called a Black student the "N" word, Plaintiff was subjected to what she now recognizes as a pretextual and unfounded investigation which led to her removal from her official duties as principal.

8. Following the initiation of the investigation of the racial slur against the Black student, the treatment towards Plaintiff became more insensitive and discriminatory. She was advised by another staff member to watch her back which made her fearful of any retribution against her due to the investigation. She grew very alarmed about any consequences against her.

9. Plaintiff was accused of embezzling money from the school despite following the procedure she was advised to follow for logging purchases and requesting refunds.

Plaintiff followed the guidance received as no formal training was provided by the Defendants.

## STATEMENT OF JURISDICTION AND VENUE

10. This action is brought forth for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e to 2000e-17. On June 24, 2021, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue letter to Plaintiff. Plaintiff now timely submits this suit.[1]

11. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. 2.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Board maintains its principal place of business in Williamsburg City, Virginia, and the employment practices alleged to be unlawful herein were committed in Williamsburg, VA, within the judicial district of the United States District Court for the Eastern District of Virginia, Newport News Division.

## PARTIES

3. Plaintiff is an adult individual, former employee of the Defendants, who resides in New Kent, Virginia.

### Defendants

---

[1] *See* U.S. EEOC Dismissal and Notice of Rights, EEOC Charge No.: 437-2021-00495 (June 24, 2021).

4. The Board is the governing body for Williamsburg-James City County Public Schools. The Board directs, controls and supervises the operation of all schools within Williamsburg-James City County Public Schools, and is organized under the laws of the State of Virginia. Virginia Code Section 22.1-79.  The Board's central office address is 117 Ironbound Road, Williamsburg, VA 23185. Defendant employed Plaintiff at its Lafayette High School located at 4460 Longhill Rd, Williamsburg, VA 23188.

5. Dr. Olwen Herron is the Williamsburg-James City County Public Schools Superintendent. Dr. Herron is responsible for overseeing the daily operations of Williamsburg-James City County Public Schools along with the Board, which includes overseeing staff personnel management, and acting as the educational leader of the schools.

6. Jon Andre is the Director of HR operations and Compliance for Williamsburg-James City County Public Schools. In his role as Director of Human Resources and Compliance, Mr. Andre is directly responsible for handling issues with school personnel such as grievances.

## GENERAL ALLEGATIONS

5. Plaintiff has worked in public education since 1992. Plaintiff became employed by the Board in 2011.  She was later asked to act as interim principal of Lafayette High School from 2017-2018. From 2018-2019, Plaintiff acted as principal of Lafayette High School.

6. In 2018, Plaintiff began to experience acts of racial discrimination that began as subtle comments and over time escalated to more aggressive acts.

7. On or about May 2018, Plaintiff filed a report with John Andre, Director of Employee Relations for Virginia Department of Education, against Jeffrey Carol, then Assistant Superintendent, for having made disparaging racial comments pertaining to Lafayette High School, where Plaintiff was acting principal. Specifically, Plaintiff reported the comment the school was a "ghetto school" and Plaintiff "would be going there."After Plaintiff reported the racially derogatory comments made by Mr. Carroll, the then Assistant Superintendent, Plaintiff began to experience acts which she later recognized as retaliation.

8. On or about August 2018, Kelsey Bowen, the Chief Financial Officer, and Rene Ewing, the Assistant Director of Finance, directed Plaintiff to collect the Lafayette High School staff members purchase cards ("P-card), and instructed to allow staff members to use the P-card issued to Plaintiff instead. Prior to Plaintiff beginning to act in her capacity as principal, teachers and other staff at Lafayette High School had their own P-cards issued to them. From Plaintiff's experience working for the Department of Education, this practice was unusual, as typically bookkeepers, principals or another staff member on the administrative team would be the only ones issued a P-card. Following her removal of the P-cards, the staff became hostile towards Plaintiff. Teachers' attitudes pertaining their disapproval of Plaintiff became more outwardly clear.

9. On or about February 2019, Plaintiff submitted a request to attend a professional conference hosted by her sorority, Alpha Kappa Alpha, a professional organization geared towards the professional development of each of its members. Plaintiff's request was approved by her immediate supervisor, Catherine Worley.

10. Plaintiff provided a copy of the preliminary conference agenda as required by the School District. Plaintiff was not asked to provide the name of the organization hosting the event, but did provide documentation of the topics to be covered at the conference that would contribute towards the professional conference requirement.[2] After the conference, Plaintiff, reported the expenses she engaged in during the professional conference which included expenses of car rental, lodging, two receipts related to food expenditure.

11. On our about April 29, 2019, Plaintiff received a report that Craig Wortman, an educator at Lafayette High School used a racial slur toward a Black at the school. In her capacity as Principal, Plaintiff opened an investigation and reported the matter to John Andre, Director of Employee Relations for Virginia Department of Education.

12. Following the investigation against Mr. Wortman, the treatment from the school staff and administration towards Plaintiff became increasingly hostile.

13.  Although the conference had been approved, following her report of Mr. Wortman, the administration denied some of her expenses submitted from the conference. The administration then opened an audit of Plaintiff's purchases utilizing her school issued purchase ("P-card").

14. Plaintiff was never questioned, or interviewed pertaining the audit. She was not permitted to be present during the audit, and was not given an opportunity to respond.

---

[2] *See*  VDOE, Virginia Licensure Renewal Manual, *Professional Conference* (Aug. 2021).

15. On or about May 28, 2019, following her investigation and report of Mr. Wortman into the racial slur incident, Plaintiff was placed on administrative leave without being provided a reason for being placed on administrative leave.

16. On or about June 2019, Plaintiff was "permitted" to resign from her position, and charged with a felony embezzlement charge. That matter is currently on appeal.

17. The actions taken by the Board and the Superintendent alone caused Plaintiff to lose her professional licenses and prevented her from renewing her license, preventing her from being gainfully employed as a principal or teacher.

18. The inactions taken by Mr. Andre led to the acquiescence and perpetuation of the discriminatory treatment Plaintiff was subjected to.

19. On or about June 4, 2021 Plaintiff filed EEOC Charge No. 437-2021-00495 against Williamsburg-James City County Public Schools, alleging discrimination based on race and retaliation.

20. On or about June 24, 2021 Plaintiff received the Dismissal and Notice of Rights from the EEOC.

21. All conditions precedent to the institution of this lawsuit have been satisfied.

## STATEMENT OF CLAIMS

**FIRST CLAIM OF RELIEF: DISCRIMINATION ON THE BASIS OF RACE**

22. Plaintiff incorporates all preceding paragraphs as though set forth in full herein.

23. Beginning in April 2018, and continuing thereafter, Defendants engaged in unlawful employment practices in violation of violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e2(a)(1) by subjecting Plaintiff to unequal terms and conditions of

employment, disparate discipline, and eventual termination because of her race. These unlawful practices include, but are not limited to, the following:

1. Plaintiff twice reported racially motivated slurs against school and student body without receiving support from the school administration;

2. Defendants excluded Plaintiff from all communications pertaining the audit performed to the school while she was acting principal. Items claimed to have been embezzled by Plaintiff as a result of the audit, were later determined to be in school grounds after Plaintiff's administrative leave, resignation and criminal action initiated against Plaintiff.

3. Defendants limited the look back period of the audit only to the period of time beginning when she initiated a formal investigation into the racial slur incident involving an educator employed at Lafayette High School.

4. Defendants subjected Plaintiff to disparate treatment by taking action against her for alleged deficiencies that employees outside her protected class also engaged in, but for which they were not similarly treated.

5. Defendants subjected Plaintiff to disparate treatment in the terms and conditions of her employment, displayed a disregard for her authority, and otherwise depicted her in a negative light to staff, because of her race.

6. Defendants' reasons for taking adverse employment action against Plaintiff are pretextual.

7. After terminating Plaintiff, Defendants replaced her with a person outside of her protected class.

8. The effects of the unlawful employment practices alleged herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (Black) in violation of Title VII.

9. The unlawful employment practices alleged herein were intentional.

10. The unlawful employment practices alleged herein were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### SECOND CLAIM OF RELIEF: DEFENDANT HAS ENGAGED IN RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

24. Plaintiff incorporates all preceding paragraphs as though set forth in full herein.

25. Defendants illegally retaliated against Plaintiff by suspending and terminating her employment as a result of her investigation into the racially motivated verbal assault engaged in by one of the school's educators, along with Plaintiff's report of the Assistant Superintended who advised the school was a "ghetto school" and her overall attempts to implement changes to the school.

26. The effect of the events described above has been to deprive Plaintiff of equal employment opportunities in retaliation for the above-described actions taken by Plaintiff.

27. The unlawful employment practices described above were intentional.

28. 26. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole by providing appropriate backpay with prejudgment interest, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement;

B. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and medical expenses;

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

D. Order Defendants to pay Plaintiff punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

E. Order Defendant to issue public apology in light of the widely publicized discussion of the false allegations that resulted from the Defendants' illegal actions.

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Grant attorney's fees and litigation costs related to this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Dated: September 22, 2021

Respectfully Submitted,<br>KIMBERLY WYNN HOLLEMON<br>By Counsel

_____/s/_____
Jennifer Quezada, VSB#93716
Miriam Airington-Fisher, VSB#78260
AIRINGTON LAW
The Colonnade Building
4050 Innslake Drive
Suite 190
Glen Allen, Virginia 23060
Telephone: (804) 774-7117
Facsimile: (804) 597-5424
jquezada@airingtonlaw.com
mairington@airingtonlaw.com

## **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____/s/_____
Jennifer Quezada, VSB#93716
Miriam Airington-Fisher, VSB#78260
AIRINGTON LAW
The Colonnade Building
4050 Innslake Drive
Suite 190
Glen Allen, Virginia 23060
Telephone: (804) 774-7117
Facsimile: (804) 597-5424
jquezada@airingtonlaw.com
mairington@airingtonlaw.com